# THE MERCANTILE BANK OF THE AMERICAS

*v.*

# WEST PORTO RICO SUGAR COMPANY ET AL.

San Juan, Equity, No. 1071L

BILLS OF INTERVENTION.

Receivership—Intervention Claims.
> Where an intervener has merely a claim against the fund, he should proceed by claim, and not by bill of intervention. A bill requires pleading and multiplies issues.

Opinion filed April 25, 1921.

---

*Mr. J. Henri Brown* for Banco Comercial.

*Messrs. C. Coll y Cuchi* and *Jaime Sifre, Jr.,* for receivers.

HAMILTON, Judge, delivered the following opinion:

It seems that in this cause a number of claims have been filed as bills of intervention. The motion is that the court recon-

sider its action allowing these to be filed as bills and that they be stricken from the files. The reason given is they are, strictly speaking, only claims against the estate, and not raising any issue entitling them to be considered as independent bills.

A bill of intervention should be filed where it involves some claim with a lien or priority or otherwise affecting the right of the plaintiff or defendant in the cause. One may under the rule be permitted to intervene pro interesse suo, but it should be by a claim duly proved unless it raises some issue other than that merely of validity of the claim itself. Every claim of course affects the assets of an estate, for if proved it diminishes the amount for distribution. But the question is one as to proper pleading and there appears to be no reason why a claim is anything but a claim unless it contains something which affects the issues of the case. This court has never encouraged technicality, but there is a very practical reason for refusing bills of intervention in that they call for an answer by the parties to the case and necessarily for a default against such parties if an answer is not filed. When issues are multiplied unnecessarily, this brings about confusion.

In the cause now on trial this has been illustrated. A number of claims were filed as bills of intervention and answers were not made to them within the time required by pleading. A motion was made by the Banco Comercial to strike them from the files. Strictly speaking this should be done, as they were filed too late, but practically the court would be deprived of the assistance of able counsel by applying to them for the first time a rule which had not previously been invoked. It seemed best therefore not to strike them out but to extend the time for answer.

Mercantile Bank v. West Porto Rico Sugár Co.

As to claims of Ernesto Fernandez Schluter and Carlos Armstrong e Hijos, S. en C., however, the motion to strike as bills of intervention should be granted, but with the qualification that the so-called bills are retained as answers or claims, to be proved before the master, or otherwise disposed of as may seem proper.

It is so ordered.